# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JEROMEE WADE GREENOUGH,

    Petitioner,

v.                                                                                       Case No. 8:12-CV-2609-T-30EAJ

WARDEN RODRIGUEZ, et al.,

    Respondents.
_____/

## O R D E R

This matter is before the Court for consideration of Petitioner's 28 U.S.C. § 2241 petition for writ of habeas corpus ("petition") (Dkt. 1). Petitioner is a federal inmate currently serving a federal sentence of 235 months imposed on him by this court in case no. 8:01-cr-432-T-30. Petitioner requests that the Court direct Respondents to award him approximately eight (8) months of jail credit for the time he was detained from October 15, 2003 through June 17, 2004. Upon consideration of Petitioner's petition, the Court concludes that the petition must be dismissed for lack of jurisdiction.

Petitioner's claim for jail time credit is properly raised in a habeas petition under § 2241. *See United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). However, because Petitioner is incarcerated in a federal prison facility located in Otisville, New York, he should have filed his petition with a federal district

court located in that geographic area. *See United States v. Saldana*, 273 Fed.Appx. 845, 846 (11th Cir. 2008) (unpublished opinion) (stating that "[o]nly a court inside the district where the petitioner is confined has jurisdiction to grant relief pursuant to a § 2241 petition") (citations omitted). *See also Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir.2001) ("the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition") (citations omitted); *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *United States v. Plain*, 748 F.2d 620, 621 n.3 (11th Cir. 1984) ("[A] petition for habeas corpus [under 28 U.S.C. § 2241] must be filed in the district in which the petitioner is incarcerated.").

ACCORDINGLY, the Court **ORDERS** that:

1. The petition (Dkt. 1) is **DISMISSED** without prejudice to Petitioner filing the petition in the appropriate court.

2. The **Clerk** shall terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on November 20, 2012.

                                        *(signature)*
                                        JAMES S. MOODY, JR.
                                        UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

2